KAREN P. HEWITT
United States Attorney
CHARLOTTE E. KAISER
Assistant United States Attorney
California State Bar No. 256356
United States Attorney's Office
for the Southern District of California
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7031
Fax: (619) 235-4716
E-mail: Charlotte.Kaiser@usdoj.gov
Attorneys for Respondents

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE CARRILLO, )<br><br>             Petitioner, )<br> )<br>          v. )<br> )<br>PAULA M. JARNECKE, )<br>WARDEN, )<br> )<br>             Respondent. )<br> )<br> ) | Civil Case No. 08CV1538-DMS<br>Criminal Case No. 08CR0528-DMS<br><br>RETURN TO PETITION FOR<br>WRIT OF HABEAS CORPUS<br>PURSUANT TO 28 U.S.C. § 2241 |

COMES NOW the respondent UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Charlotte E. Kaiser, Assistant United States Attorney, in its return pursuant to Title 28, United States Code, Section 2248, to Petitioner Denise Carrillo's petition for writ of habeas corpus pursuant to Title 28, United States Code, Section 2241.  This return is based on the files and records of this case, together with the attached memorandum of points and authorities.

//

//

//

//

//

//

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2      Based on the arguments outlined below, Petitioner is not entitled to any relief and thus the Court

3  should dismiss or deny for the petition for writ of habeas corpus without an evidentiary hearing.[1]

4  **I**

5  **FACTS AND PROCEDURAL HISTORY**

6      Petitioner Denise Carrillo is serving a three-month term of imprisonment following her

7  conviction for importation of marijuana in violation of Title 21, United States Code, Sections 952, 960

8  and Title 18, United States Code, Section 2 in the Southern District of California.[2]  [Declaration of

9  Nellie Torres Klein ("Klein Decl.") ¶ 4, Ex. 1.]  Petitioner originally was apprehended on January 27,

10  2008 but was released from jail on February 1, 2008 after posting bail.  [08CR0528 case, Docket

11  Number 1, 7.]  On or about July 1, 2008, U.S. District Judge Dana M. Sabraw sentenced Petitioner to

12  the custody of the Bureau of Prisons for three months followed by two years' supervised release (to

13  include three months' home detention) with a self-surrender date.  [Klein Decl., ¶ 4, Ex. 1; see

14  08CR0528 case, Docket Number 33.]  At the time of her sentencing, there was no record before the

15  Court that Petitioner had a "high-risk" pregnancy.  [See 08CR0528 case, Docket Number 31 (Sentencing

16  Memorandum in which Petitioner requested that she receive additional departures due to "family

17  responsibilities" given she had been working during her pregnancy).][3]

18      Prior to her self-surrender, Petitioner also had a sonogram reflecting normal fetal development.

19  [Klein Decl. ¶ 6, Ex. 4.]  On or about July 7, 2008, Ms. Carrillo self-surrendered for service of her three-

20  month custodial sentence.  [Id. ¶ 5, Exs. 2-3.]   At that time, Ms. Carrillo was approximately 19 to 20

---

22  [1]In the alternative, because Petitioner now is confined to a female satellite camp located in the Central District of California, the Court may transfer this case pursuant to 28 U.S.C. § 1404(a).

23
24  [2]See United States of America v. Denise Carrillo, 08CR0528-DMS (S.D. Cal. 2008) ("08CR0528 case").  Originally, the Clerk of the U.S. District Court for the Southern District of California assigned the instant petition to U.S. District Judge John A. Houston.  The case was reassigned to U.S. District Judge Dana M. Sabraw.  Accordingly, the United States requests the Court to incorporate the record in the 08CR0528 case including but not limited to the Presentence Report and the parties' sentencing documents in adjudicating the instant petition.  Where necessary, the United States cites to the record in the 08CR0528 case according to the docket number.

25
26

27  [3]There, however, is some confusion regarding the due date.  In the Sentencing Memorandum, Petitioner provides a due date of November 27, 2008.  [See 08CR0528 case, Docket Number 31.] According to the Declaration of Eric Beaudikofer filed with the instant petition, the due date is October 29, 2008.

28

1    weeks pregnant with twins.  [Id. at ¶ 6, Ex. 4.]4/

2        Upon her admission to the Metropolitan Correctional Center in San Diego, California ("MCC

3    San Diego"), Petitioner was seen by Health Services staff.  [Id. at ¶ 7, Ex. 5.]  On July 9, 2008, she was

4    referred to the institution's contract obstetrician.  [Id.]  On or about August 13, 2008, Petitioner was seen

5    by the contract obstetrician who completed routine prenatal lab work and recommended that an

6    ultrasound be scheduled within two to three weeks.  [Id.]

7        On August 22, 2008, Petitioner was transferred from MCC San Diego5/ to the female satellite

8    prison camp at the Federal Correctional Institution in Victorville, California ("FCI Victorville").  [Id.

9    at ¶ 8, Ex. 3.]  Prior to her transfer, health services staff at MCC San Diego called the contract

10    obstetrician, who advised Petitioner could travel to FCI Victorville.  [Id. ¶ 8, Ex. 5.]  On her arrival at

11    FCI Victorville, health services staff completed a physical examination.  [Id. ¶ 9, Ex. 6.]  Prenatal

12    vitamins were ordered and a consult was requested with the contract obstetrician.  [Id.]  In referring

13    Petitioner to the specialist, the doctor noted that Petitioner had a high risk pregnancy due to her morbid

14    obesity and incarceration. [Id. at ¶ 9, Ex. 6.] Moreover, Petitioner has been scheduled for an ultrasound.

15    [Id. at ¶ 10.]  Throughout her incarceration, Petitioner at no point has filed an administrative complaint

16    as to her medical treatment.  [Id. at ¶¶ 12-14, Ex. 7.]

17        Petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 on August 20,

18    2008.  Despite evidence that Petitioner received medical treatment, including a visit with a contract

19    obstetrician prior to the filing of her petition, Petitioner alleges that the Bureau of Prison has failed to

20    provide appropriate prenatal care, including a prenatal examination and an ultrasound.6/  As relief,

21    Petitioner requests a modification of her sentence to complete her incarceration until after her twins are

22    born.  Petitioner is scheduled to be released from custody on October 2, 2008.  [Id.]

23    //

24

25        4/The United States has filed leave with the Court to file Exhibits 4 through 6 of the Declaration
      of Nellie Klein Torres under seal.
26

27        5/MCC San Diego is a pretrial facility that does not confine designated female inmates for service
      of their sentences.  [Klein Decl. ¶ 8.]

28        6/A copy of the petition for writ of habeas corpus has been forwarded to the health services staff
      at FCI Victorville to make them aware of Petitioner's concerns.

# II

# ARGUMENT

**A.    Petitioner Failed To Exhaust Her Administrative Remedies.**

Petitioner failed to exhaust her administrative remedies prior to the filing of the instant petition. [Id. at ¶¶ 12-14, Ex. 7.]  The failure to exhaust administrative remedies is an appropriate basis for dismissal of a petition for writ of habeas corpus.  See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also Ruviwat v. Smith, 701 F.2d 844, 844-45 (9th Cir. 1983) (per curiam).

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).[2/]  The Supreme Court explained the purpose behind the PLRA's exhaustion requirement:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  In other instances, the internal review might filter out some frivolous claims.  And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter, 534 U.S. at 524-25 (citations and quotations omitted).

The exhaustion requirement is designed to allow the administrative agency to develop a factual record, apply its expertise, and correct its own errors, thereby avoiding unnecessary judicial intervention. Ruviwat, 701 F.2d at 845.  The Bureau of Prison's Administrative Remedy Program for inmates is set out in Title 28, Code of Federal Regulations, Sections 542.10-19.   These procedures include a process whereby inmates may seek formal review of any aspect of their confinement.  28 C.F.R. § 542.10-19.

Records show that Petitioner has not exhausted her administrative remedies with respect to the allegations of inadequate prenatal care.  [Klein Decl. ¶¶ 12-14, Ex. 7.]  In fact, Petitioner has not filed any administrative remedy requests.  [Id.]  At this time, all levels of the administrative remedy process

---

[2/] The PLRA exhaustion statute includes habeas petitions.  See Porter v. Nussle, 534 U.S. 516, 531-32 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life. . . .").

4

1  remain open to Petitioner.   There is no reason why Petitioner may ignore this requirement.[8/]

2       Nonetheless, if the Court permits Petitioner to avoid exhaustion in this case, then the Court will

3  create an exception to the PLRA where none is allowed.  See Porter, 534 U.S. at 529-32 (holding that

4  there are no more distinctions between exhausting ongoing conditions versus specific acts).   The Court

5  should require Petitioner to exhaust her administrative remedies and thus dismiss the petition without

6  prejudice.

7  **B.     Petitioner's Claim Is Non-Cognizable Under 28 U.S.C. § 2241.**

8       Traditionally, the writ of habeas corpus is limited to attacks by prisoners upon the fact or duration

9  of their custody, with the traditional remedy being release.  Preiser v. Rodriguez, 411 U.S. 475, 484, 498

10 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

11 1991).  By contrast, challenges to the conditions of confinement properly are asserted in a civil rights

12 action.  Preiser, 411 U.S. at 498-99; Hartman v. Summers, 878 F. Supp. 1335, 1347-49 (C.D. Cal. 1995),

13 affirmed, 120 F.3d 157 (9th Cir. 1997).

14      Petitioner does not challenge the fact or duration of her confinement.   Instead, she alleges

15 inadequate prenatal care and requests that she complete her incarceration after she gives birth to her

16 twins.  If proven, the appropriate remedy for petitioner's allegations is "a judicially mandated change

17 in conditions and/or an award of damages, but not release from confinement."  Crawford, 599 F.2d at

18 891-92;  see   Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (collecting cases).

19 Regardless, however, Petitioner's allegations do not rise to the level of a constitutional violation.[9/]  For

20

21      [8/]Petitioner's counsel alleges unanswered phone calls or that the inability to reach the Probation
   officer prompted the filing of the petition.   Nevertheless, even if true, these allegations do not absolve
22 Petitioner of her obligation to file an administrative remedy request.  Accord Preiser, 411 U.S. 494-95
   ("It is true that exhaustion of state remedies takes time, but there is no reason to assume that state prison
23 administrators or state courts will not act expeditiously."); 28 C.F.R. § 542.18 (providing the response
   time for both emergency or regular requests via the Administrative Remedy Program).

24

25      [9/]In order to establish an Eighth Amendment violation, the complaining party must show that she
   had a serious medical condition and that defendants acted with deliberate indifference to this need.
26 Estelle v. Gamble, 429 U.S. 97, 104-07 (1976); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.
   1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate
27 a prisoner's Eighth Amendment rights.").   Petitioner claims that she has not seen an obstetrician nor
   received an ultrasound.  Her allegations are unsupported by the record.  An obstetrician saw her seven
28 days prior the filing the instant petition and she has another appointment scheduled with one.  [Klein
   Decl. ¶¶ 7-11, Exs. 5-6.]  She also is scheduled to receive an ultrasound.  [Id.]  There is some delay with

(continued...)

5

these reasons, the Court should dismiss Petitioner's claim as non-cognizable under 28 U.S.C. § 2241.

**C.      Petitioner's Claim of Inadequate Prenatal Care Should Be Denied As Meritless.**

In the event that the Court is able to construe the petition in order to adjudicate Petitioner's claim of inadequate prenatal care,[10/] the record demonstrates that the Court should deny claim. Petitioner has received adequate prenatal care within the custody of the Bureau of Prisons. Indeed, her claim of inadequate prenatal care not only is unsupported but also contradicted by the record before the Court. [Klein Decl. ¶¶ 7-11, Exs. 5-6.] Thus, should the Court reach the merits, the Court should deny the claim.

**III**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests the Court dismiss or deny Petitioner's petition for writ of habeas corpus without an evidentiary hearing pursuant to Rule 1(b) and 8 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243.

DATE:          September 5, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/Charlotte E. Kaiser
CHARLOTTE E. KAISER
Assistant United States Attorney

---

[9/](...continued)
the scheduled ultrasound, given the obstetrician who ordered the ultrasound also approved Petitioner's transfer to FCI Victorville. [Id.] The delay with the scheduled ultrasound, however, does not amount to a constitutional violation, especially in light of Petitioner's ongoing medical care. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (mere delay in medical treatment, without more, is insufficient to show deliberate indifference).

[10/]As indicated above, Petitioner's claim is non-cognizable under 28 U.S.C. § 2241 and she failed to exhaust her administrative remedies. Moreover, Petitioner is unable to modify her sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure and/or 18 U.S.C. § 3582. Nonetheless, should there be some avenue such that the Court reach the petition on the merits, then the United States briefly addresses why Petitioner's claim is unsubstantiated.

1    KAREN P. HEWITT
     United States Attorney
2    CHARLOTTE E. KAISER
     Assistant United States Attorney
3    California State Bar No. 256356
     United States Attorney's Office for the
4    Southern District of California
     880 Front Street, Room 6293
5    San Diego, CA  92101-8893
     Telephone:  (619) 557-7031
6
     Attorneys for the
7    United States of America

8
                         UNITED STATES DISTRICT COURT
9
                        SOUTHERN DISTRICT OF CALIFORNIA
10

11   DENISE CARRILLO,                    )      Case No. 08CV1538-DMS
                                         )
12              Petitioner,              )      NOTICE OF FILING RETURN TO PETITION
                                         )      FOR WRIT OF HABEAS CORPUS AND
13        v.                             )      DECLARATION OF NELLIE KLEIN
                                         )      TORRES WITH  EXHIBITS 1 THROUGH 3
14   UNITED STATES OF AMERICA,           )      AND 7
                                         )
15              Respondent.              )
                                         )
16                                       )
                                         )
17   _____ )

18        Respondent United States hereby files its notice of filing the return to the petition for writ of

19   habeas corpus and declaration of Nellie Klein Torres with exhibits 1 through 3 and 7.

20
          DATE:        September 5, 2008
21
                                         Respectfully submitted,
22
                                         KAREN P. HEWITT
23                                       United States Attorney

24                                       /s/ Charlotte E. Kaiser
                                         CHARLOTTE E. KAISER
25                                       Assistant United States Attorney

26

27

28

1             <u>DECLARATION OF NELLIE TORRES KLEIN</u>

2      I, Nellie Torres Klein, declare:

3   1.    I make this declaration at the request of the United States

4       Attorney's Office for the Southern District of California.

5       The facts set forth below are true and correct based upon my

6       personal, first-hand knowledge, or based upon my information

7       and belief.  If called upon to testify herein, I could and

8       would, to the best of my knowledge, competently testify as

9       set forth below.

10   2.    I am an employee of the Federal Bureau of Prisons (BOP) and

11       have access to records maintained in the ordinary course of

12       business.  I am an attorney licenced to practice in the

13       State of California. I have been employed as an attorney for

14       the BOP since June 1997 and the staff attorney at the

15       Metropolitan Correctional Center in San Diego, California

16       (MCC San Diego) since March 2004.

17   3.    Petitioner, Denise Carrillo, Register Number 05921-298, is a

18       federal inmate currently incarcerated at the satellite

19       prison camp at the Federal Correctional Institution in

20       Victorville, California (FCI Victorville).  I have reviewed

21       a copy of Ms. Carrillo's Petition for Writ of Habeas Corpus

22       wherein she seeks release from custody due to an alleged

23       lack of prenatal care.

24   4.    Petitioner is currently serving a 3-month term of

25       imprisonment following her conviction in the Southern

26       District of California for importation of marijuana and

27

28              Page 1 of  4

1   aiding & abetting.  Attached as Exhibit 1 is a true and

2   correct copy of the Judgement and Commitment Order in 08CR-

3   0528-DMS.

4   5.   Petitioner was originally arrested on January 27, 2008.  On

5        February 1, 2008, Petitioner was released from custody after

6        posting bail and on July 7, 2008, she self-surrendered for

7        service of her 3-month sentence.  Petitioner is scheduled to

8        be released from custody on October 2, 2008, via full-term

9        release.  Attached as Exhibits 2 and 3 respectively are true

10       and correct copies of Petitioner's Inmate Profile and Inmate

11       Admission and Release History.

12  6.   Records reflect that at the time of her self-surrender,

13       Petitioner was approximately 19-20 weeks pregnant with

14       twins.  Prior to her self-surrender, Petitioner had a

15       sonogram reflecting normal fetal development.  Attached as

16       Exhibit 4 is a true and correct copy of Petitioner's medical

17       records, obtained by the MCC San Diego, from institution's

18       contract obstetrician.

19  7.   Upon her admission to MCC San Diego, Petitioner was seen by

20       Health Services staff.  On July 9, 2008, she was referred to

21       the institution's contract obstetrician.  On August 13,

22       2008, Petitioner was seen by the contract obstetrician who

23       completed routine prenatal lab work and recommended an

24       ultrasound be scheduled within 2 to 3 weeks.  Attached as

25       Exhibit 5 is a true and correct copy of Petitioner's medical

26       records from MCC San Diego.

27

28                          Page 2 of  4

8.   Since MCC San Diego is a pretrial facility which does not confine designated female inmates for service of their sentences, on August 22, 2008, Petitioner was transferred to the female satellite prison camp at FCI Victorville.  See Exhibit 3, Inmate Admission and Release History.

9.   On August 22, 2008, upon her arrival at FCI Victorville, health services staff at that facility completed a physical examination.  Prenatal vitamins were ordered and a consult was requested with their contract OB/GYN.  Petitioner has also been scheduled for an ultrasound.  Attached as Exhibit 6 is a true and correct copy of Petitioner's medical records from FCI Victorville.

10.  On September 2, 2008 and on September 3, 2008, I contacted the Assistant Health Services Administrative at FCI Victorville.  She advised Petitioner has been scheduled to seen at their contact Ultrasound Clinic and they are in the process of scheduling her to be seen by an OB/GYN.

11.  For security reasons, the BOP does not ordinally inform the inmates precisely when their outside appointments are scheduled.  Additionally, a copy of the petition in this cause of action has been forwarded to staff at FCI Victorville so they can address Petitioner's medical concerns.

12.  The Bureau of Prisons has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his

1    imprisonment.  28 C.F.R. § 542.10.  No administrative remedy

2    appeal is considered to have been finally exhausted until

3    considered by the Bureau of Prisons' Central Office. See 28

4    C.F.R. § 542 et seq.

5  13.  In the ordinary course of business, computerized indexes of

6    all administrative appeals filed by inmates are maintained

7    by the Regional and Central offices so that rapid

8    verification may be made as to whether an inmate has

9    exhausted administrative appeals on a particular issue.

10 14.  On September 3, 2008, I accessed the computerized indexes of

11    the administrative remedies filed by Petitioner to determine

12    whether she attempted to exhaust her administrative

13    remedies.  Records reflect Petitioner has not filed any

14    administrative remedies regarding any issue.  Attached as

15    Exhibit 7 is a true and correct copy of the computerized

16    index showing Petitioner has not filed any requests.

17 I declare under penalty of perjury in accordance with the

18 provisions of 28 U.S.C. § 1746 that the above is accurate to the

19 best of my knowledge and belief.

20

21

22 Nellie Torres Klein                     Date
   Senior Counsel

23

24

25

26

27

28

# EXHIBIT
# 1

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 1

FILED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

2008 JUL -1 AM II: 18

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DENISE CARRILLO (1) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 08CR0528-DMS<br><br>Ira Lee Plummer CJA<br><u>Defendant's Attorney</u> |

REGISTRATION NO. 05921298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s)   1 of the Information

☐ was found guilty on count(s) _____
    after a plea of not guilty.
    Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 21 USC 952, 960 and<br>18 USC 2 | IMPORTATION OF MARIJUANA AND AIDING AND ABETTING | 1 |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant
to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ Fine waived.   ☐ Property forfeited pursuant to order filed _____, included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the
defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

JUNE 27, 2008
Date of Imposition of Sentence

HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE

08CR0528-DMS

AO 245B    (Rev. 9/00) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: DENISE CARRILLO (1)
CASE NUMBER: 08CR0528-DMS

Judgment — Page    2    of    4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

THREE (3) MONTHS.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:

☒ at   or before NOON        ☐ a.m.   ☐ p.m.   on   JULY 9, 2008         .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

08CR0528-DMS

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
          Sheet 3 — Supervised Release

|  |  | Judgment—Page | 3 | of | 4 |
|---|---|---|---|---|---|

DEFENDANT: DENISE CARRILLO (1)
CASE NUMBER: 08CR0528-DMS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
TWO (2) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
   future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,
   or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

08CR0528-DMS

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Continued 2 — Supervised Release

DEFENDANT: DENISE CARRILLO (1)                          Judgment—Page  4  of  4
CASE NUMBER: **08CR0528-DMS**                           ▶

# SPECIAL CONDITIONS OF SUPERVISION

☒ Submit to a search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within  24  hours of any reentry to the United States; supervision waived upon deportation, exclusion, or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☐ Not reenter the United States illegally.

☒ Not enter or reside in the Republic of Mexico.

☒ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Participate in a mental health treatment program as directed by the probation office.

☒ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within            days.

☐ Complete            hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Reside in a Residential Reentry Center (RRC) as directed by the Bureau of Prisons for a period of commencing upon release from imprisonment.

☐ Remain in your place of residence for a period of                      , except while working at verifiable employment, attending religious services or undergoing medical treatment.

☐ Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

☒ Comply with the conditions of the Home Confinement Program for a period of  three (3) months and remain at your residence except for activities or employment as approved by the court or probation officer. Wear an electronic monitoring device and follow procedures specified by the probation officer. Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

☒ Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**08CR0528-DMS**

# EXHIBIT
# 2

```
  SDC1M  535.03 *              INMATE PROFILE              *       09-03-2008
PAGE 001 OF 001                                                   13:43:40
          05921-298               REG
REGNO: 05921-298               FUNCTION: PRT DOB/AGE.: 07-09-1985 / 23
NAME.: CARRILLO, DENISE                     R/S/ETH.: W/F/H
RSP..: VVM-VICTORVILLE MED II FCI           MILEAGE.: 21 MILES
PHONE: 760-530-5700      FAX: 760-560-5706
PROJ REL METHOD: FULL TERM RELEASE          FBI NO..: ▓▓▓▓▓▓▓▓
PROJ REL DATE..: 10-02-2008                 INS NO..:
PAR ELIG DATE..: N/A                        SSN.....: ▓▓▓▓▓▓▓▓
PAR HEAR DATE..:               PSYCH: NO    DETAINER: NO      CMC..: NO
OFFN/CHG RMKS: IMPORTATION OF MARIJUANA 08CR0528-DMS
OFFN/CHG RMKS: 3 MONTHS  2  YEARS SRT
    FACL CATEGORY    - - - - - CURRENT ASSIGNMENT - - - - - - EFF DATE  TIME
    VVM  ADM-REL   A-DES      DESIGNATED, AT ASSIGNED FACIL  08-22-2008 1030
    VVM  CARE LEVEL CARE1     HEALTHY OR SIMPLE CHRONIC CARE 08-22-2008 1311
    VVM  COR COUNSL G-N       P. RICKLI EXT 1030             08-22-2008 1030
    VVM  CASE MGT   WA NO HIST NO WALSH ACT OFFENSE HISTORY  07-07-2008 0942
    VVM  CASEWORKER G-N.      L. THOMAS EXT 1157             08-22-2008 1030
    VVM  CUSTODY    OUT       OUT CUSTODY                    07-10-2008 1038
    VVM  DESIG/SENT PAPA      TEAM PAPA                      07-07-2008 0941
    VVM  EDUC INFO  GED UNK   GED STATUS UNKNOWN             07-09-2008 1645
    VVM  FIN RESP   UNASSG    FINANC RESP-UNASSIGNED         07-07-2008 0939
    VVM  LEVEL      MINIMUM   SECURITY CLASSIFICAT'N MINIMUM 07-07-2008 1044
    VVM  MED DY ST  HGT RESTR NO LADDERS/NO UPPER BUNK       08-27-2008 1430
    VVM  MED DY ST  LOWER BUNK LOWER BUNK REQUIRED           07-09-2008 1840
    VVM  MED DY ST  REG DUTY W REGULAR DUTY W/MED RESTRICTION 08-27-2008 1430
    VVM  MED DY ST  STAND RSTR NO PROLONGED STANDING         08-27-2008 1431
    VVM  MED DY ST  WGT 15 LB WEIGHT-NO LIFTING OVER 15 LBS  08-27-2008 1431
    VVM  MED DY ST  YES F/S   CLEARED FOR FOOD SERVICE       08-27-2008 1430
    VVM  PGM REVIEW SEP       SEPTEMBER PROGRAM REVIEW       09-19-2008 1525
    VVM  QUARTERS   G10-075L  HOUSE G/RANGE 10/BED 075L      08-22-2008 1305
    VVM  RELIGION   CATHOLIC  CATHOLIC                       08-22-2008 1217
    VVM  UNIT       G         J. LAFAVE EXT 1039             08-22-2008 1030
    VVM  WRK DETAIL C-UNASSG  CAMP UNASSIGNED                08-29-2008 0001
```

# EXHIBIT
# 3

```
SDC1M  531.01 *              INMATE HISTORY              *     09-03-2008
PAGE 001 OF 001 *            ADM-REL                     *     13:43:51

REG NO..: 05921-298 NAME....: CARRILLO, DENISE
CATEGORY: ARS        FUNCTION: PRT          FORMAT:


FCL     ASSIGNMENT DESCRIPTION                     START DATE/TIME STOP  DATE/TIME
VVM     A-DES      DESIGNATED, AT ASSIGNED FACIL   08-22-2008 1030 CURRENT
4-O     RELEASE    RELEASED FROM IN-TRANSIT FACL   08-22-2008 1330 08-22-2008 1330
4-O     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  08-22-2008 0830 08-22-2008 1330
SDC     HLD REMOVE HOLDOVER REMOVED                08-22-2008 0530 08-22-2008 0530
SDC     A-HLD      HOLDOVER, TEMPORARILY HOUSED    08-13-2008 1650 08-22-2008 0530
SDC     LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN   08-13-2008 1230 08-13-2008 1650
SDC     A-HLD      HOLDOVER, TEMPORARILY HOUSED    07-09-2008 1645 08-13-2008 1230
9-L     RELEASE    RELEASED FROM IN-TRANSIT FACL   07-09-2008 1945 07-09-2008 1945
9-L     A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL  07-07-2008 1042 07-09-2008 1945
DSC     ADMIN REL  ADMINISTRATIVE RELEASE          07-07-2008 0942 07-07-2008 0942
DSC     A-ADMIN    ADMINISTRATIVE ADMISSION        07-07-2008 0939 07-07-2008 0942
```

# EXHIBIT
# 7

```
SDC1M        *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      09-03-2008
PAGE 001 OF 001                                                  13:38:15
      FUNCTION: L-P SCOPE: REG   EQ 05921-298    OUTPUT FORMAT: FULL_____
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____ ____
EXTENDED: _ REMEDY LEVEL: _ _        RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _____     _____     _____     _____     _____     _____
TRACK:  DEPT: _____     _____     _____     _____     _____     _____
      PERSON: ____     ____     ____     ____     ____     ____
        TYPE: ____     ____     ____     ____     ____     ____
EVNT FACL: EQ _____     _____     _____     _____     _____     _____
RCV FACL.: EQ _____     _____     _____     _____     _____     _____
RCV UN/LC: EQ _____     _____     _____     _____     _____     _____
RCV QTR..: EQ _____     _____     _____     _____     _____     _____
ORIG FACL: EQ _____     _____     _____     _____     _____     _____
ORG UN/LC: EQ _____     _____     _____     _____     _____     _____
ORIG QTR.: EQ _____     _____     _____     _____     _____     _____


G5152      NO REMEDY DATA EXISTS FOR THIS INMATE
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DENISE CARRILLO, | ) | Case No. 08CV1538-DMS |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

IT IS HEREBY CERTIFIED that:

I, Charlotte E. Kaiser, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800. I am not a party to the above-entitled action.  I have caused service of the **NOTICE OF FILING, RETURN TO PETITION FOR WRIT OF HABEAS CORPUS**, and the **DECLARATION OF NELLIE KLEIN TORRES WITH EXHIBITS 1 THROUGH 3 AND 7** by electronically filing the foregoing with the Clerk of the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies:

Eric Beaudikofer, Attorney for Petitioner Denise Carrillo.

I also deposited the foregoing in the United States mail at San Diego, California, in an envelope bearing the requisite postage, to:

Eric Beaudikofer
House and Beaudikofer
414 Vine Avenue
El Centro, CA 92243-3947

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:          September 5, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/Charlotte E. Kaiser
CHARLOTTE E. KAISER
Assistant United States Attorney